BIANCHI *v.* THE MUNICIPALITY OF AÑASCO.

APPEAL from the District Court of Guayama.

No. 155.—Decided May 23, 1905.

OBLIGATIONS—MUNICIPAL CORPORATIONS—THIRD PERSONS.—Under the law municipalities are not specifically prohibited from contracting simple loans with private parties, but if paragraph 3 of Rule 3 of article 89 of the Municipal Law is considered to be a prohibition, the effect thereof does not apply to a third person, but is only applicable to the members of the council who passed said resolution.

ID.—The liability of a municipality to pay an amount received from a third person as a loan must necessarily be recognized in view of the general principle that no one can enrich himself at the expense of another.

The facts are stated in the opinion.
*Mr Falcón,* for appellant.

*Mr. Eduardo Acuña,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is a cause for the recovery of a sum of money brought in the form of a declaratory action in the District Court of Mayagüez, by Francisco Bianchi Rosafá, against the municipality of Añasco, under date of March 7, 1902. The matter was prosecuted in said court, which finally rendered the following judgment:

"In the city of Mayagüez, November 24, 1903. A hearing was had at an oral and public trial of this declaratory action brought in this court by Francisco Bianchi y Rosafá, of age, unmarried, and a resident of Añasco, represented by Attorney José de Diego, as plaintiff, against the Municipality of Añasco, represented in the beginning by Attorney Luis Campillo and subsequently by Attorney Robustiano Biaggi, for the recovery of a sum of money.

"1. The plaintiff bases his complaint on the allegation that in 1898 he loaned the sum of 3,000 *pesos,* provincial money, to the Municipality of Añasco, for the payment of a number of claims; and this sum was to be repaid at the rate of 1,000 provincial *pesos* per annum, beginning in the said year of 1898, according to a resolution of the Municipal Council of Añasco adopted at a session held on April 6th of said year. The loan having been made on the basis that the municipality would, to secure the payment, place a mortgage on the building used as a town hall, the corporation, at a session held on August 5, 1898, resolved to commission the president of the council and mayor, Francisco Figueroa, to execute in favor of the creditor, Bianchi, until the governmental authority for the contract were received, as required by section 89 of the Municipal Law, the proper obligatory instrument to execute the mortgage. This instrument was drawn before Notary Mariano Riera Palmer, on August 10, 1898. Owing to the confusion which was caused in governmental organization by the change of sovereignty action on the authority requested was suspended. The amount of the first installment was paid after some delay, but when the other two installments agreed upon in the instrument fell due the corporation refused to pay any sum on account, such installments amounting to $1,200.

"2. The complaint having been filed and served on the Municipality of Añasco through its alcalde and president of the council,

Agustín Pesante, the latter made answer in such capacity to the effect that he admitted the facts stated in the complaint with the modification that the sum received by the municipality was 2,957 provincial *pesos* and not 3,000 as claimed by the plaintiff; and that from the fourth statement of fact it was deduced that neither Bianchi nor the municipality had legalized the obligation of the loan; that some of the members of the corporation having heard that the municipality owed the aforesaid Bianchi a somewhat considerable sum, ordered an investigation, and although it showed that the debt did exist the operation did not conform to the provisions of law, and it resolved that it should not be included in the inventory in order not to incur the liabilities contracted by those who were members of the municipal council at the time this transaction was consummated; that as it was not desired to prejudice the interests of Bianchi the municipality consulted the Treasurer of Porto Rico, who replied among other things relating to the consultation, on August 1, 1900, 'that the municipal body had contracted a loan which was a burden on this council, if it had been legally contracted, with the necessary superior authority.' From which it is deduced that this transaction not having been made with the legal formalities, the municipality could not pay it; that another communication from the Treasurer showed that Bianchi had appealed to the superior authority, inasmuch as said Treasurer called for the documents relating to said loan, and that, notwithstanding the time which had elapsed since the last communication, no decision had been rendered on said loan, the municipality being surprised to see itself sued by Bianchi for the sum of $1,200, when the municipality believed the amount of the debt to be 1,957 provincial *pesos,* an error which it supposes material as another sum appears in the complaint; that is to say, the full sum of the debt is sought to be recovered according to the copy of the complaint; and that the municipality, until it received authority from the superior authority could not pay the sum claimed, because it was not authorized by law and because said loan had been contracted in violation of section 89 of the Municipal Law, without considering the provisions of the Royal Decree of January 4, 1883.

"3. A day and hour having been set for the introduction of evidence, at the request of both parties, they appeared at the hearing and proposed documentary and oral evidence, and upon said evidence being admitted as pertinent, it was heard, the parties having been previously cited, with the exception of the oral testimony, which was left for the oral trial.

"4. At the oral trial, which was attended by counsel for both parties, the evidence of the plaintiff was heard. Witness Franscisco Figueroa, in reply to questions put by counsel for said party, stated: 'That in 1898 he was the mayor of the town of Añasco, and he remembers that the council was obliged to contract a loan of Francisco Bianchi; that at this time there was a debt pending payment for jails by the municipality to that of this city, amounting to seven thousand and some odd *pesos*, for the payment of which the last-named corporation attached the town hall and the house in which the butcher shop was located; so that, after the payment of a number of installments, the debt was reduced to 3,000 *pesos*, for which sum execution was proceeded with; that witness having been notified in his aforesaid capacity, he laid the matter before the municipal council of which he was the president, it being resolved that a committee should go out and seek means to make payment. This committee had an interview with Bianchi, who stated that if he had security he would have no objection to furnishing that sum, which he did, the municipal council promising to execute a mortgage in his favor; and to this end it requested authority of the Provincial Deputation, in existence at the time, and before it came the receipt of the money and the promise of the mortgage was set forth in the document.' In reply to questions of Attorney Biaggi he stated that the loan was made without the previous authority of the Provincial Deputation; and in answer to a question of the court he stated that the acts to which he had been referring had occurred in 1898, when witness was mayor of Añasco; that he does not recollect whether at that time the municipality had the right to contract loans; that the mortgage referred to previously had never been executed because authority from the deputation had never been received, no security having been given to Bianchi, because permission had not been obtained; that the municipality received the 3,000 *pesos* from Bianchi; that 1,000 was paid him, and that 2,000 *pesos* and interest were still due him. Counsel for both parties left the documentary evidence to the consideration of the court. Thereupon counsel made their respective arguments and the proceedings were closed for judgment.

"5. The day and time fixed, a public ballot was taken on the judgment, the opinion of all the justices being unanimous.

"6. The formalities prescribed by law have been observed in the prosecution of these proceedings.

"Judge Angel García Veve prepared the opinion of the court in substitution of Judge Enrique González Dader.

''1. Among the prohibitions which the law imposes on municipalities is not included that of contracting simple loans with private individuals, and if it does exist by reason of being included in the third paragraph of subdivision 3 of article 89 of the Municipal Law, to affect the generous loan made by Francisco Bianchi at a difficult and embarrassing moment for the municipality when it was being pressed by another creditor, such a prohibition should affect the councilmen who took part in the resolution, but never a third person who participated in the contract openly and honestly.

''2. The liabilities of municipalities within the sphere of their jurisdiction, if they have contracted them, can arise only in the execution of their duties, but the contracts which they enter into with a third person cannot but be recognized with greater reason when they have been expressly confirmed subsequently by a payment being made on the debt which the body which contracted it now refuses to recognize.

''3. It is a general principle that no one can enrich himself at the cost of another, and if the payment of the amount loaned to the municipality of Añasco by Bianchi were not ordered, the enrichment of the former at the cost of the latter would be authorized.

''In view of the provisions cited and General Order No. 118, series of 1899, we adjudge that sustaining the complaint of Francisco Bianchi, we should adjudge and we do adjudge the Municipality of Añasco to pay the amount claimed, amounting to $1,200, legal interest and costs within a period of five days.

''This our judgment we pronounce, order and sign.—Arturo Aponte, J. A. Erwin, Angel García.''

Counsel for the defendant took an appeal from this judgment, filing a brief containing a statement of the facts and setting forth the grounds on which the appeal is based, and praying that the judgment of the trial court be reversed. The other side filed a brief accepting the statement of facts made by the appellant, but contesting the appeal upon the following grounds:

''First. That the requisite of previous authority from the Provincial Deputation required by section 89 of the Municipal Law of December 31, 1896, is confined, according to the express terms of the first paragraph of said article, to contracts which involve the alienation or exchange of municipal property; but that entered into between the

appellant and the respondent, which is the subject of the action brought, being limited to a simple promise of a mortgage to secure a sum delivered, because it does not result in a real or mixed action as to real property, but only in a personal action against the promisor, cannot be said to involve any characteristic whatsoever of an alienation; consequently, the provisions of said section are not applicable.

"Second. The contract referred to, although it produced revenue for the Municipality of Añasco, did not need the formality of an advertisement for bids required by Royal Decree of January 4, 1883, on account of the urgent character of the matter; this is an exception specifically made in article 36 of said royal decree. The urgent character is shown by the cause which led to said contract, that is to say, the necessity of the municipality to save its town hall from execution for jail expenses.

"Third. Even though it were admitted that the legal provisions cited by the appellant are applicable to the contract referred to, the absence of previous authority and sale would determine the nullity of the promise to execute the mortgage, but never that of the obligation which the municipality contracted of returning to Bianchi the sum received from him, because such obligation arises from the receipt of the sum and not from the promise.

"Fourth. Finally, even though the effects of the nullity should extend to the loan, the appellant municipality would be obliged to return by way of restitution what it received, and interest, in accordance with the provisions of article 1303 of the former Civil Code (section 1270 of the revised code), which impose this obligation upon the contracting parties when the nullity of an obligation is declared."

The hearing of this appeal was held on the 5th instant, without the parties being present.

We agree with the judgment rendered by the district court and with the reasons set forth by the respondent in his brief, which have been transcribed; and, therefore, we are of the opinion that the judgment appealed from should be affirmed, with the costs against the appellant.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.